GEORGE A. OHL & CO., Inc., v. FALSTROM & TORNQVIST CO., Inc.

(Circuit Court of Appeals, Third Circuit. November 27, 1909.)

No. 12.

1. PATENTS (§ 328*)—INFRINGEMENT—BRAKE FOR CORNICE MACHINES.
    The White patent, No. 427,025, for a brake for cornice machines, narrowly construed and limited to a structure in which the brake block is forced into contact by a cam, as it must be to escape anticipation, *held* not infringed.

2. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—CORNICE MACHINES.
    The Ohl patent, No. 679,031, for improvements in power presses for use in bending, corrugating, and pressing sheet metal, claims 11 and 17–21 are void for lack of invention or indefiniteness. Claim 10 *held* valid, but not infringed.

Appeal from the Circuit Court of the United States for the District of New Jersey.

Suit in equity by George A. Ohl & Co., Incorporated, against the Falstrom & Tornqvist Company, Incorporated. Decree for defendant, and complainant appeals. Affirmed.

For opinion below, see 166 Fed. 898.

Hector T. Fenton, for appellant.

Russell M. Everett, for appellee.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

LANNING, Circuit Judge. In the court below the complainant, the appellant here, by its bill of complaint, sought a decree enjoining the defendant from manufacturing, selling, or using the improvements in brakes for cornice machines, described in the White patent, No. 427,025, dated April 29, 1890, and the improvements in power presses, described in the Ohl patent, No. 679,031, dated July 23, 1901, which improvements, it was declared, were capable of conjoint use, and were in fact conjointly used by the defendant, in one and the same machine. The complainant also prayed for an accounting of profits and damages resulting from the alleged infringement. The court held that no infringement of either of the patents had been shown, and consequently a decree was entered dismissing the bill of complaint.

We are satisfied that assuming the validity of the White patent, on which question we express no opinion, there was no adequate proof of its infringement. The state of the prior art and its history in the Patent Office, where one of its two claims was canceled, shows, as Judge Cross explained in his opinion in the Circuit Court (166 Fed. 898), that the distinguishing feature of the claim now remaining resides in the cam by which the brake-block is forced into contact with the friction wheel. The claim must be narrowly construed and is not entitled to any wide or very liberal application of the doctrine of equivalency of mechanical elements. The brake-block of the defendant's device is forced into contact with the friction wheel by the use of a lever, and not a cam. To hold the lever and the cam

mechanical equivalents would in our judgment defeat the White patent altogether by reason of anticipations in the prior art. If the White patent was good at all, it was good only because of the presence of the cam. As the defendant has not used the cam, it has not infringed the patent.

The Ohl patent has 21 claims. Claims 1 to 8 were withdrawn from our consideration by the complainant at the argument. Claim 9 is not in suit. Claims 12 to 16 were not argued or relied on by the complainants. The only claims we have to consider, therefore, are claim 10, for a combined clutch and brake mechanism; claim 11, for a combination including certain supplemental shaft bearings; claims 17 to 20, a group of claims having relation to a longitudinal movement of the spindle; and claim 21, for a combination having, as one of its elements, a housing provided with openings through which the die or the work thereon may be removed.

The improvements which the Ohl patent describes relate to certain parts of power-presses used in bending, corrugating, crimping, and pressing into different shapes sheet metal and in working other materials. The machine is heavy. At its base is an anvil or support provided with a groove in which is held the lower die. Above the lower die is a hammer to the lower part of which is attached by suitable mechanism the upper die. By the rotary movements of the shaft the hammer, which is suspended from the shaft and is operated vertically up and down by eccentrics on the shaft, is forced with its die down upon the metal lying on the lower die. The upward rebound of the hammer resulting from the impact would tend to displace or bend the shaft unless it were properly guarded. In addition to the full bearings in which the shaft rotates there are provided, as guards to aid in preventing the displacement or bending of the shaft, half-bearings which depend from the heavy top-piece of the machine and fit over the upper half of the shaft, not in any wise supporting the shaft, as do the full bearings, but serving only, as the specification of the patent says, to "take up any upward force, whereby the bearings [that is, the full bearings] are relieved and will last much longer than would otherwise be the case"; these depending half-bearings constitute the essential feature of claim 11. It is clear that the claim discloses no invention and that it is void.

Claims 17 to 20 are conceded by the complainant to be substantially for the same thing. It has been observed above that to the lower part of the hammer is attached by suitable mechanism the upper die. Claims 17 to 20 relate to a part of this mechanism. The die is held in its place by pairs of vises or clamps. Each pair of these vises is operated by a spindle running through both of its jaws and running also transversely through what is called a rib of the hammer. Each spindle is provided at one end with a right-hand screw thread actuating one jaw, and at the other with a left-hand screw thread actuating the other jaw, of the pair of vises to which the spindle is attached. To the side of the hammer's rib is attached a plate which is fitted into an annular groove about the spindle. The width of the annular groove exceeds the thickness of the plate, and thereby a limited longitudinal movement is allowed to the spindle. This limited longitudinal move-

ment is the essential feature of these four claims. It is said that by it the vises may be more perfectly adjusted to the inequalities in the recesses of the upper die at the points where the vises grip the die. Each of the four claims speaks of the spindle as "having a limited movement longitudinally in said bearing," or as "having a limited sliding movement longitudinally in said perforation," which means that it has a limited movement to and fro in the perforation in the hammer's rib. It may be that an improvement is here suggested. But there is no intimation as to what difference there should be between the width of the annular groove and the thickness of the plate. We think the claims are so indefinite in this respect that they do not inform one skilled in the art as to the manner in which this part of the mechanism should be constructed. Nor does the specification aid the claims. All it says on the subject is that:

"The width of each groove is preferably slightly larger than the thickness of its respective holding dog or plate, whereby a slight movement of the pin or spindle across the thickness of the rib may take place."

If the claims are not invalid on the ground of the indefiniteness referred to, still we are of the opinion that since the plate cannot in any event have a tight machine fit in the annular groove, as that would prevent the rotary movement of the spindle, there is no patentable novelty in making the fit loose enough to give the limited longitudinal movement mentioned in the claims.

Claim 21 has as its essential feature openings in the framework or housings of the press through which the die or the work thereon may be removed. In the absence of such openings, the metal, after it has been pressed into the desired shape, must be removed from the dies either at the front or the back of the press. The addition of the openings at the ends of the press enables one to slip the work from the die through the openings where it is desired to pursue that method. There is no patentable novelty in such a provision.

The last claim to be considered is the tenth. It is for a combined clutch and brake mechanism. The complainant insists that it is an improvement upon the White patent. We are disposed to think it is. But we do not think the combined clutch and brake mechanism of the defendant is the same as that of the complainant. We have already seen that the essential feature of the combined clutch and brake mechanism of the White patent was the cam, which the defendant does not use. The same cam is in the combined clutch and brake mechanism of the Ohl patent. There are other differences between the Ohl device and the defendant's device which cannot be easily described without reproducing the intricate figures of the Ohl patent. We think it unnecessary to reproduce them since the complainant concedes that there are such differences, but contends that they exist only by reason of the substitution of equivalents for certain of the elements of the Ohl combination. We are of the opinion that the differences cannot be thus explained. A patent for a mechanical combination is not infringed except by a device containing all the elements of that combination. The elements of the infringing device must be the very elements of the patented combination or clear mechanical equivalents

thereof. Progress in the inventive arts cannot be impeded by giving to a patent for an intricate mechanical combination a construction that will deny to any one his right to make and use a combination essentially different from the patented combination, even though features of the new combination may have been suggested by the patented combination. Measured by this rule, we find the defendant does not infringe claim 10 of the Ohl patent.

The record shows, further, that two presses, known as the "Westergren 13-foot press" and the "Westergren 10-foot press," were made and used more than two years before the application for the Ohl patent was filed. It is contended by the defendant that these presses fully anticipated the Ohl patent. This point is so fully, clearly, and fairly discussed by Judge Cross in his opinion in the court below that we need add nothing to what he has said on that branch of the case. We concur with him in the opinion that wherein the defendant's press differs from the Westergren presses it does not infringe the White patent or the Ohl patent.

Our conclusion, therefore, is that the decree of the Circuit Court should be affirmed, with costs; and it is so ordered.